## CALVIN WHITE *vs.* COUNTY COMMISSIONERS OF NORFOLK.
## CALVIN WHITE & others *vs.* SAME.

If, at the time of the adjudication by county commissioners, that the location of a highway, petitioned to be laid out by them, is of common convenience and necessity, an owner of land over which the same passes waives all claim to damages, he will be bound thereby, and cannot afterwards, at the location of such highway, retract his waiver and claim damages.

Where county commissioners, on the location of a highway, awarded no damages to a land owner, because, in their judgment, the benefit resulting to him from the highway was equivalent to the damage which he thereby sustained; and such land owner's claim for damages being afterwards brought before a sheriff's jury, the commissioners there took the ground that the petitioner had waived his right to damages; it was held, that this was not inconsistent with the former ground, and that both bore directly upon the real question in issue, namely, whether such land owner was entitled to damages.

THESE were appeals from an adjudication of the court of common pleas, affirming the verdict of a sheriff's jury, empanelled to estimate the damages, if any, sustained by the petitioners, in consequence of the laying out of a highway over their land.

It appeared, that the petitioners, in August, 1845, applied by petition to the county commissioners of the county of Norfolk, to lay out a new highway, as described in their petition; and that the commissioners, on the 30th of March, 1847, having previously adjudged that the same was required by common convenience and necessity, proceeded to lay out the highway, and to award damages therefor to the land owners. The order of the commissioners, as to the damages, was as follows: —

" To the owners of the lands, over which said road is laid, are awarded, for their lands taken, for fencing against the road, and for all injuries to their estates, the sums set against their

names, respectively ; and as to those, whose lands were taken, and who are not named, their benefit was considered an equivalent for the injury done them, viz. : To the heirs of Elihu White, six hundred dollars, $600; East School District, fifteen dollars, $15. For the payment of which, warrants will be drawn upon the county treasury, as soon as said town of Braintree shall have entered upon and taken said lands for the purpose of working said road."

The petitioners, not being named in the award of damages, and feeling aggrieved that their claim therefor was thus disallowed, applied to the commissioners to have their damages estimated by a jury, and a warrant was accordingly issued by the commissioners to the sheriff for that purpose.

At the hearing before the jury, the petitioners took exceptions to certain rulings of the sheriff, among others, as follows : —

Fisher A. Kingsbury, being called as a witness by the petitioners, and inquired of whether he heard Calvin White, one of the petitioners, claim damages of the county, at the time of the location of the road ; the question was objected to by the respondents, and the objection sustained by the sheriff, on the ground, that evidence had been put into the case, showing that no damages were claimed by Calvin White and others, the petitioners, down to the time of the adjudication that the highway prayed for was of common convenience and necessity, and that it was distinctly understood, that the petitioners waived all claim for damages.

The jury found a verdict for the respondents, and the same being returned to the court of common pleas, together with the sheriff's certificate of the rulings excepted to by the petitioners, the petitioners moved the court to set aside the verdict, for the following reasons : —

1. Because the evidence offered by the petitioners, that they claimed damages at the time of the location of the highway in question, was rejected by the sheriff, on the ground that the petitioners had previously waived their right to such damages.

2. Because evidence was offered and submitted to the jury, by witnesses, that the petitioners had waived their right to damages; although the county commissioners, in their location of the road, adjudged that the petitioners had received benefits from the location, which were equivalent to any injury to their lands occasioned thereby.

The court of common pleas disallowed the motion to set aside the verdict, and affirmed the same. The petitioners thereupon appealed to this court.

*F. A. Kingsbury,* for the petitioners.

*J. J. Clarke,* for the respondents.

SHAW, C. J. These were claims for damages, for land taken by the county commissioners to make a new common highway. The appellants petitioned for a jury, which was ordered. At the hearing before the sheriff, certain exceptions were taken by the petitioners; but a verdict was returned for the respondents, which was affirmed by the court of common pleas; and these cases now come before this court by appeal from that judgment.

The question here is upon the exceptions taken before the sheriff. The ground of objection to the whole claim was, that, at the time of the adjudication of the common convenience and necessity of the highway prayed for, the petitioners agreed to claim no damages, or, in other words, they waived their claim. When commissioners are about laying out a highway, one important element in the determination of the question before them is the cost to the public. If land owners, desirous of having the road established, in order to induce the commissioners to lay it out, and whilst the question is still open, agree to claim no damages, they are bound by such agreement. A subsequent claim of damages is inconsistent with good faith and fair dealing; and we think the agreement not to make such claim is a good legal bar. The claim of the land owner is merely to a sum of money. The right to take the land is a right conferred by law, and does not depend on the consent of the land owner.

*Fuller* v. *Plymouth,* 15 Pick. 81 ; *Fitch* v. *Seymour,* 9 Met. 462.

1. The first exception was, that the sheriff did not permit a witness to be examined, in order to prove that the petitioners claimed damages, at the time of the location of the way, which was subsequent to the time of adjudication. If the land owners had not effectually waived their claim before, this proof was unnecessary ; if they had, it would be unavailing ; in either aspect, it was immaterial.

2. The second exception was, that a different question was presented by the respondents before the jury, from that which was made before the commissioners; but the difference is rather formal than substantial. The commissioners had returned, that they awarded no damages in favor of the petitioners, because the benefit to these land owners was equivalent to the damage. The ground taken before the jury was, that the petitioners had waived their claims to damage. But these grounds, though they present the question in different aspects, are not inconsistent, and both bear directly upon the question, whether the petitioners were entitled to damages against the county, which was the real question in issue. If, upon a compromise of benefits and injuries to the petitioners, the commissioners were of opinion, that the former equalled or preponderated over the latter, their conclusion would be, that the petitioners had sustained no damage. If the petitioners themselves took the same view of it, and expressed their willingness to renounce all claim to damages, the result would be the same against the claim.

*Verdict affirmed, and judgment for the respondents, in both cases.*